OPINION OF THE COURT
Kerry R. Trainor, J.
*435 Crystal L. has submitted a motion to dismiss a juvenile delinquency petition accusing her of assault in the third degree. The common application on technical grounds has been combined with a claim of immunity from a Family Court juvenile delinquency proceeding for the alleged acts.
The respondent states that at the time of the events alleged in this petition, she had already been adjudicated a juvenile delinquent by the Bronx Family Court and placed in the custody of the Division for Youth (DFY). Crystal L. asserts that she cannot be charged in Suffolk Family Court for an alleged assault on a DFY employee who was caring for her during her placement in the nonsecure Brentwood Residence Center. She claims that since DFY has taken administrative action that has already resulted in her transfer to the more secure Tryon for Girls DFY facility, she cannot be charged in Family Court and the petition must be dismissed.
The problem presented here appears to carry with it the same issues that were recently resolved by the New York Court of Appeals decision Matter of Cordero v Lalor (89 NY2d 521). Although the relief sought is identical, the theory is different.
Cordero (supra) involved applications by adult sentenced prisoners that had committed criminal acts while incarcerated. They claimed that since prison authorities had administratively punished them, the "Double Jeopardy Rule” as set forth in CPL article 40 and the United States and New York Constitutions barred criminal prosecution in a court of law.
Even though this is a juvenile delinquency proceeding, which is statutorily defined as "civil” in nature, the same double jeopardy claim could have been made by this respondent. Family Court Act § 303.2 states:
" § 303.2. Double jeopardy
"The provisions of article forty of the criminal procedure law concerning double jeopardy shall apply to juvenile delinquency proceedings.”
The Court of Appeals rejected the double jeopardy claim under the facts presented in Cordero (supra). Arguably, Crystal L.’s claim could be resolved in the same manner. This respondent, however, has elected not to make a double jeopardy claim.
Instead, Crystal L. asserts a claim to immunity. Her petition states that all that can be done is being done and, therefore, the juvenile delinquency petition cannot in good faith allege the necessary language of Family Court Act § 311.1 (3) (j) which states: "(j) a statement that the respondent requires supervision, treatment or confinement”.
*436 In essence the claim is that supervision, treatment or confinement has already been provided and therefore, the petition must be dismissed. In support of this proposition, the respondent has referred this court to Matter of Jamie T. (96 Misc 2d 173 [Fam Ct, NY County 1978]). This reliance is misplaced.
In Jamie T. (supra), the court had to determine if the statutory immunity for an adult subpoenaed to testify before a Grand Jury also applied to a juvenile. The court was not called upon to, nor did it, establish a new form of immunity. It simply reached a determination that juveniles, as well as adults, are entitled to the existing protection and therefore, dismissed the juvenile delinquency petition that was pending against Jamie T.
It is doubtful that this or any other New York State court has the authority to fashion a new form of immunity. Traditionally the various immunities in this State have been legislated, and the role of the judiciary has been limited to enforcement and interpretation. Even if this court does have the discretion suggested without legal authority by the respondent, the application must be rejected in this case.
The court has considered the juvenile delinquency petition and supporting deposition, respondent’s application and supporting deposition, and the presentment agency’s opposing papers. The review of all these documents makes it clear that the determination of this motion has serious public policy and safety implications.
Crystal L. was adjudicated a juvenile delinquent by the Bronx Family Court on December 19, 1996 and placed with the New York State Division for Youth. DFY, in turn, had placed Crystal at the nonsecure Brentwood Residence Center in Suffolk County.
It is alleged that on February 10, 1997 at approximately 8:50 p.m. the complainant, Vanessa W., was working as a DFY aide supervising the residents of the facility. Crystal L. picked up the phone to make a call. Ms. W. repeatedly told her to put the phone down. Crystal ignored this. Ms. W. tried to take the phone away. At this point, Crystal L. and another resident allegedly assaulted this aide. A co-worker was able to stop the alleged attack, but only after Ms. W. had been proportedly subjected to repeated punching in the face, about the body and hair pulling.
Following the alleged incident, DFY transferred Crystal L. to the more restrictive "Tryon for Girls”. According to the *437 respondent’s motion, this is a secure facility and the respondent received more intensive group and individual counselling than she had at Brentwood. There is no apparent dispute concerning this claim.
The petition does not allege a wrong against DFY, but against an individual employee. The administrative actions of the employer in this situation cannot bar the employee’s access to a court of law. Vanessa W. has serious responsibilities caring for delinquent girls. The dangers and need for protection are obvious. Children such as Crystal L. are in her care because they have already demonstrated a willingness to violate rules. Some of them are potentially dangerous. To maintain order in a juvenile facility, the Family Court must remain available to hear allegations of assaults by residents against aides. Immunity from court process would place women like Vanessa W. in greater danger. The residents must understand that they will be brought before the court if they are accused of attacking an aide.
If this 15-year-old juvenile delinquency respondent had been a 16-year-old sentenced adult prisoner accused of assaulting a correction officer in the same manner and with the same results as are alleged in this case, her circumstances would be quite different. As an adult under the laws of this State, she would be facing indictment for assault in the second degree and if convicted, subject to a term of imprisonment that would only commence after she completed her present term (Penal Law § 70.25).
This is so because correction officers are peace officers (CPL 2.10 [25]). Any assault on one of them while carrying out their official responsibilities is at least the class D felony of assault in the second degree (Penal Law § 120.05 [3]). Although the dangers and need for protection may be analogous, an aide in a DFY facility is neither a police officer nor a peace officer. An assault against one of them is the same as an assault against any other civilian in any other circumstance; the gradations begin with assault, third degree, a class A misdemeanor.
If this court was to grant the respondent’s motion, then the protection for the DFY aide would be reduced to even less than those afforded to other civilians. They would not even have the protection of a potential misdemeanor adjudication.
On the one hand, enhanced protection for correction officers responsible for 16 year olds would remain in full force and effect, while on the other hand, alleged assaults on aides caring for 15 year olds would not be heard in a court of law. Although *438 there are recognized differences between the handling of adult and juvenile offenders, such sharply contrasting treatment of identical dangers does not make sense.
The idea that an election must be made between transfer or other administrative sanctions versus court process places too much of a burden on DFY. On the one hand, it may be preferable to immediately transfer the accused from the nonsecured facility in order to maintain calm for all the other residents, the complainant, other employees and the surrounding communities. On the other hand, it may be best to impose the authority of the court. There is no logical reason to have to make the choice. An allegation of this nature is serious; the need to maintain order in the facility is apparent; both remedies must remain available.
Although, this is a court of limited jurisdiction, the argument that transfer to Tryon is all that can be done is not accurate. If a fact finding is made against Crystal L., there will be a dispositional hearing. During this proceeding, there are various custodial statuses and services that the court would have to consider before entering a new adjudication of juvenile delinquency.
Although a Family Court juvenile delinquency proceeding is defined as "civil” and the respondent’s claim is not based on "Double Jeopardy” the principles set forth in Cordero (supra) apply. The public interest and need for court access is the same. The ability of this court to take action is similar.
A discussion of all the potential dispositional results and combinations could wander for some time. It is sufficient to note that the respondent’s claim that administrative transfer has done all that can be done regarding this respondent’s actions is wrong and ignores the obvious.
This petition alleges new acts that occurred months after the respondent’s last adjudication and placement. The disposition can be a new placement with DFY. This court has discretion to decide if it will run concurrently and expire with the preexisting placement; begin concurrently and continue beyond the current placement; or begin consecutively after the current placement expires. Every alternative except the first would result in a new loss of personal freedom that goes beyond the administrative transfer that’s been effected by the Division for Youth.
Although some language must be altered to accommodate the distinctions between an adult sentenced prisoner and a *439 placed juvenile delinquent, the Cordero reasoning must apply to Crystal L. As the Court of Appeals noted, administrative remedies or sanctions "are aimed exclusively at the terms and conditions of the sentence being served by the inmate.” (Matter of Cordero v Lalor, 89 NY2d 521, 532, supra.) DFY actions against Crystal L. had been aimed only at her current placement. This cannot immunize her from a further placement by the Family Court.
As to that aspect of the motion that seeks dismissal on technical grounds, the court finds that the petition is legally sufficient. It sets forth sufficient facts to provide reasonable cause to believe that the respondent committed the crime charged. Accepting the nonhearing allegations to be true, it establishes each and every element of the crime charged and the respondent’s commission thereof (Family Ct Act § 311.2).
Accordingly, this motion is denied.